UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAYMON MAURICE BUSH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 2:24-cv-8008-CLM
(2:19-cr-573-CLM-HNJ)

# MEMORANDUM OPINION

    Daymon Maurice Bush moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (Doc. 1). After reviewing Bush's motion under Rule 4 of the Rules Governing § 2255 Proceedings, the court finds that Bush's motion is untimely and alternatively without merit. So the court **WILL DENY** Bush's motion (doc. 1) and **DISMISS** this case.

## BACKGROUND

    1. <u>Bush's conviction</u>: On December 18, 2019, Bush pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 13 in Case No. 2:19-cr-573). On June 4, 2020, Bush was sentenced to a term of 57 months' imprisonment, and the court entered judgment on June 8, 2020. (Doc. 17 in Case No. 2:19-cr-573). Bush did not file a direct appeal.

    2. <u>2255 motion</u>: On March 25, 2024, Bush filed his § 2255 motion.[1] Bush's motion asserts that the court should vacate his § 922(g) conviction because categorically excluding convicted felons from possessing firearms violates the Second Amendment. In support of this argument, Bush cites *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 24 (2022), which held

---

[1] The Clerk of Court docketed Bush's motion on April 1, 2024, but "[u]nder the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

that when the plain text of the Second Amendment covers an individual's conduct, the government must justify a firearm regulation "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."

## DISCUSSION

There is a one-year statute of limitations for § 2255 motions. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.*

The court entered Bush's judgment of conviction on June 8, 2020, and he didn't appeal. So Bush's conviction became final on June 22, 2020, which was 14 days after the court entered judgment. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A). As a result, Bush's § 2255 motion, which again was filed on March 25, 2024, was filed well more than one year after the date on which the judgment of conviction became final. Thus, Bush's motion is untimely under 28 U.S.C. § 2255(f)(1).

Nor has Bush shown that his motion is timely under § 2255(f)(2), (f)(3), or (f)(4). Nothing in the record suggests that the Government impeded Bush from filing a § 2255 motion. And Bush has always known that his conviction was for violating § 922(g), which prohibits convicted felons from possessing

2

firearms. So the court finds that Bush's motion isn't timely under either § 2255(f)(2) or (f)(4).

To the extent that Bush asserts that *Bruen* recognized a new constitutional right that is retroactively applicable to cases on collateral review, *Bruen* was decided on June 23, 2022, and neither the Supreme Court nor the Eleventh Circuit has held that it applies retroactively. Thus, Bush's March 25, 2024, motion is also untimely under 28 U.S.C. § 2255(f)(3).

Even if Bush's motion were timely, it would fail on the merits. The Eleventh Circuit has held that § 922(g)(1) doesn't violate the Second Amendment. *See United States v. Dubois*, 94 F.4th 1284, 1291–92 (11th Cir. 2024). As the circuit court has recently explained, *Bruen* didn't abrogate this precedent, so courts within this circuit cannot reconsider the constitutionality of § 922(g)(1) under the Second Amendment. *See id.* at 1293. Thus, it "plainly appears from [Bush's] motion" that he is not entitled to relief, and the court finds it appropriate to deny Bush's motion and dismiss this case without requiring the Government to file a response. *See* Rule 4, Rules Governing § 2255 Proceedings.

## CONCLUSION

For the reasons stated above, the court will **DENY** Bush's motion to vacate, set aside, or correct his sentence (doc. 1) and **DISMISS** this case.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Bush's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out these findings and closes this case.

**Done** on May 20, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

4